```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
Advanced Aerofoil Technologies,
AG; Advanced Aerofoil Technologies,
Inc.; Advanced Aerofoil Technologies;
and GmbH,

                Plaintiffs,

                                          11 Civ. 9505 (ALC)(DCF)

        - against -                       Memorandum & Order

Thomas Todaro; Anthony Chalder;
Mark Tarby; Advanced Engineering
Technologies, Inc.; FLC Flowcastings,
GmbH; Peter Konrad; Herve Flutto;
Daniel Abbasi; Fabian Korb;
Charles Byrd; and Bernd Leonhardt,

                Defendants.
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1-31-12

**ANDREW L. CARTER, JR., United States District Judge:**

Before the Court is Plaintiffs' request that the Court issue an order to show cause for a temporary restraining order against all Defendants and issue an order allowing service of the foreign defendants by international courier. For the reasons set forth below, Plaintiffs' request for alternative service under Fed. R. Civ. P. 4(f)(3) is DENIED.

Plaintiffs filed their complaint on December 23, 2011 seeking damages and equitable relief against all Defendants. Defendants Thomas Todaro; Anthony Chalder; Mark Tarby; Advanced Engineering Technologies, Inc.; Daniel Abbasi; and Charles Byrd

1

are residents of the United States (collectively the "U.S. defendants"). Defendants FLC Flowcastings, GmbH; Fabian Korb; and Peter Konrad are residents of Germany and Defendants Herve Flutto and Bernd Leonhardt are residents of Switzerland (collectively the "foreign defendants"). (Declaration of Roger J. Maldonado, dated January 25, 2012 ("Maldonado Decl.") ¶ 2.) Plaintiffs allege that on December 23, 2011, they served the complaint and related documents upon the foreign defendants in accordance with the procedures set forth in the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") and the additional service procedures of Switzerland and Germany. (*Id.*) On January 19, 2012, counsel sent the necessary documents to Crowe Foreign Service, located in Portland, Oregon, for service on the foreign defendants. (*Id.*)  Plaintiffs filed the instant motion on January 25, 2012, requesting that this Court direct service of the papers relating to Plaintiffs' proposed motion for a temporary restraining order, along with the summons and complaint, by international courier. By the date of the motion, neither the Swiss or German government confirmed the service of the complaint and related documents. (*Id.* ¶ 3.)

Under the Federal Rules, an individual "may be served at a place not within any judicial district of the United States ...

by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Convention]." Fed. R. Civ. P. 4(f)(1).  Fed. R. Civ. P. 4(f)(3) provides that service on a foreign litigant can be effected "by other means not prohibited by international agreement, as the court orders."  Under Rule 4(h)(2), service of process on a foreign business entity may be made in the same manner as on individual defendants under Rule 4(f).

Generally, there is no hierarchy among the subsections in Rule 4(f).  Service under subsection (3) is "neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant."  *Rio Props., v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (quotation marks and citation omitted). "The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005) (citing *Rio Props.*, 284 F.3d at 1015); *see also Cephalon v. Sun Pharm. Indus.*, No. 11 Civ. 5474, 2011 WL 6130416, at *5 (D.N.J. Dec. 7, 2011) (reasoning that a party may employ subsection (3) only when "there is no internationally agreed means" or "an international agreement allows but does not specify

[alternative] means" of service).  "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court. In exercising this discretion, district courts may impose a threshold requirement for parties to meet before seeking the court's assistance." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, No. 07 Civ. 11028, 2010 WL 305317, at *5 (S.D.N.Y. Jan. 26, 2010) (quotation marks and citations omitted).

Here, the Hague Convention's procedures for service are mandatory because Switzerland and Germany, the countries in which Plaintiffs sought to serve the documents on the foreign defendants, are signatories to that Convention. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705, 108 S. Ct. 2104, 100 L.Ed.2d 722 (1988) (stating in dicta that "[c]ompliance with the Convention is mandatory in all cases to which it applies"); *see also* Advisory Committee Notes to 1993 Amendment to Rule 4(f) ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service.").

Service through a country's Central Authority is the primary method of service permitted under the Hague Convention, but Article 10 of Convention also permits other forms of service, such as service "by postal channels" if the foreign

4

state of destination does not object. *See* Hague Convention, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638, 1969 WL 97765, Art. 10. Indeed, the Second Circuit has recognized that several forms of service under the Hague Convention are acceptable, such as "(1) service through the Central Authority of member states; (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005); *see also Ackermann v. Levine*, 788 F.2d 830, 839 (2d Cir. 1986) (allowing service of process to occur through postal mail).

    Plaintiffs here request that the Court issue an order allowing them to serve the relevant documents by international courier. However, both Switzerland and Germany have explicitly objected to service through postal channels. *See, e.g.*, *Agha v. Jacobs*, No. 07 Civ. 1800, 2008 WL 2051061, at *1-2 (N.D. Cal. May 13, 2008) (finding email and fax indistinguishable from "postal channels" and denying motion to serve German defendants by email or fax based on Germany's objection to Article 10); *In re Bernard L. Madoff Inv. Secs. LLC*, 418 B.R. 75, 82-83 (Bkrtcy. S.D.N.Y. 2009) (finding insufficient the trustee's service of process through regular mail because Switzerland formally objected to Article 10 of the Hague Convention).

Plaintiffs argue that counsel has accepted service for the U.S. defendants and that two of the foreign defendants have actual notice of the summons and complaint because their counsel, which Plaintiffs did not identify, have acknowledged receipt of the documents.  (Maldonado Decl. ¶ 4.)  Service upon co-defendants is insufficient to establish actual notice and Plaintiffs have not offered adequate information that the foreign defendants' counsel is authorized to accept service, the location of counsel, or whether counsel has been retained to represent the foreign defendants in this matter.  Further, district courts cannot circumvent the Hague Convention at whim and authorize alternative service when the foreign state has affirmatively objected to the type of service requested.  This is not a matter where the foreign state has refused to take action or where service has been unduly delayed by the foreign state.  Plaintiffs finished service merely two weeks ago.

Accordingly, Plaintiffs motion for alternative service under Fed. R. Civ. P. 4(f)(3) is denied, but with leave to renew at the appropriate time.  As to the U.S. defendants that have been properly served, they are ordered to appear on **February 7, 2012, 1 p.m.** in courtroom 12A.  They will show cause as to why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining them from contacting

Plaintiffs' employees and customers and directing them to return Plaintiffs' proprietary, confidential and trade secret information in their possession. The U.S. defendants should submit any opposition papers by **10:00 a.m. on February 6, 2012**.

Defendants Thomas Todaro, Anthony Chalder, Mark Tarby, Advanced Engineering Technologies, Inc., and Charles Byrd have requested a pre-motion conference to discuss their anticipated motion to dismiss Plaintiffs' complaint in its entirety. The pre-motion conference will be held simultaneously on February 7.

Dated: New York, New York
January 31, 2012

SO ORDERED.

_____
Andrew L. Carter, Jr.
United States District Judge